**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| S.M.R INNOVATIONS LTD and Y.M.R TECH LTD, | Civil Action No. 6:23-cv-00479-ADA |
| *Plaintiffs*, | **JURY TRIAL DEMANDED** |
| v. | |
| APPLE INC., | |
| *Defendant*. | |

**DEFENDANT APPLE INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS S.M.R INNOVATIONS LTD AND Y.M.R TECH LTD'S
SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Apple Inc. ("Apple"), through its undersigned counsel, submits this Answer and

Affirmative Defenses to S.M.R Innovations Ltd and Y.M.R Tech Ltd's (collectively, "SMR")

Second Amended Complaint for Patent Infringement ("Complaint") (Dkt. No. 48):

**INTRODUCTION**

1.      Apple admits that the Complaint purports to state claims of patent infringement

under 35 U.S.C. § 1 et seq. Apple denies that it has committed any acts of infringement.

**PARTIES**

2.      Apple lacks information sufficient to admit or deny the allegations of paragraph 2.

3.      Apple lacks information sufficient to admit or deny the allegations of paragraph 3.

4.      Apple admits that it is a corporation organized and existing under the laws of the

State of California. Apple denies the remaining allegations of paragraph 4.

**JURISDICTION**

5.      Apple admits that this Court has subject-matter jurisdiction to hear claims arising

under the patent laws of the United States. Apple denies that it has committed acts of patent infringement. To the extent paragraph 5 contains an allegation that SMR has standing sufficient to vest the Court with subject-matter jurisdiction to hear the claims in SMR's Complaint, Apple lacks information sufficient to admit or deny that allegation.

6.      Apple admits it is subject to specific personal jurisdiction in Texas for the purposes of this case only. Apple admits that it conducts business in Texas, including in this District. Apple denies that it has committed any acts of infringement.

7.      For the purposes of this case only, Apple does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1400(b) but denies that venue in this District is convenient or in the interests of justice pursuant to 28 U.S.C. § 1404(a). Apple denies that it has committed any acts of patent infringement.

SMR'S FACTUAL ALLEGATIONS

8.      Apple lacks sufficient information to admit or deny the allegations of paragraph 8.

9.      Apple lacks sufficient information to admit or deny the allegations of paragraph 9.

10.     Apple lacks sufficient information to admit or deny the allegations of paragraph 10.

11.     Apple lacks sufficient information to admit or deny the allegations of paragraph 11.

12.     Apple lacks sufficient information to admit or deny the allegations of paragraph 12.

13.     Apple lacks sufficient information to admit or deny the allegations of paragraph 13.

14.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli.[1] Apple otherwise lacks sufficient information to admit or deny the allegations of paragraph 14.

---

[1] References to the "Declaration of Oded Shmueli" herein refer to the document attached to the Second Amended Complaint as Exhibit O.

15.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 15.

16.     Apple denies the characterizations in paragraph 16 but admits that the quoted language appears in the specification of the United States Patent No. 9,699,223 ("the '223 Patent").

17.     Apple denies the characterizations in paragraph 17 but admits that the quoted language appears in the specification of the '223 Patent.

18.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise lacks sufficient information to admit or deny the allegations of paragraph 18.

19.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 19.

20.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. To the extent the quotations from the '223 Patent are themselves allegations to which a response is required, Apple denies them..

21.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 21.

22.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. To the extent the quotations from the '648 Patent are themselves allegations to which a response is required, Apple denies them.

23.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 23.

24.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 24.

25.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 25.

26.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 26.

27.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 27.

## THE PATENTS-IN-SUIT

## APPLE'S KNOWLEDGE OF THE PATENTS-IN-SUIT

28.     Apple admits that the face of the '223 Patent states that U.S. Provisional Patent Application No. 60/398,077 ("the '077 provisional application") was filed on July 25, 2002. Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 28.

29.     Apple admits that the face of the '223 Patent states that U.S. Patent Application No. 10/347,388 ("the '388 application") was filed on January 21, 2003. Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 29.

30.     Apple admits that the face of the '223 Patent states it was issued on July 4, 2017, by the U.S. Patent and Trademark Office ("PTO") and is entitled "Routing of Data Including Multimedia Between Electronic Devices." Apple further admits that a document appearing on its face to be a copy of the '223 Patent is attached to the Complaint as Exhibit A. Apple admits that a document appearing on its face to be a copy of the prosecution history of the '223 Patent is attached to the Complaint as Exhibit K. Apple denies that the '223 Patent was issued duly or legally.

31.     Apple admits that the '223 Patent purports to claim priority to the '388 application and the '077 provisional application. Apple lacks sufficient information to admit or deny that the priority claim is legally proper.

32.     Apple lacks sufficient information to admit or deny the allegations of paragraph 32.

33.     Apple lacks sufficient information to admit or deny the allegations of paragraph 33.

34.     Apple denies the allegations of paragraph 34.

35.     Apple admits that the '223 Patent was issued by the PTO. Apple otherwise lacks sufficient information to admit or deny the allegations of paragraph 35.

36.     Apple denies the allegations of paragraph 36.

37.     Apple denies the characterizations of the '223 Patent in paragraph 37 but admits that the quoted language appears in the specification of the '223 Patent. To the extent that the quotations from the '223 Patent are themselves considered an allegation to which a response is required, Apple denies them.

38.     Apple denies the characterizations of the '223 Patent in paragraph 38 but admits that the quoted language appears in the specification of the '223 Patent. To the extent that the quotations from the '223 Patent are themselves considered an allegation to which a response is required, Apple denies them.

39.     Apple denies the characterizations of the '223 Patent in paragraph 39 but admits that the quoted language appears in the specification of the '223 Patent. To the extent that the quotations from the '223 Patent are themselves considered an allegation to which a response is required, Apple denies them.

40.     Apple denies the characterizations of the '223 Patent in paragraph 40 but admits that the quoted language appears in the specification of the '223 Patent. To the extent that the quotations from the '223 Patent are themselves considered an allegation to which a response is required, Apple denies them.

41.     Apple denies the characterizations of the '223 Patent in paragraph 41 but admits that the quoted language appears in the specification of the '223 Patent. To the extent that the quotations from the '223 Patent are themselves considered an allegation to which a response is required, Apple denies them.

42.     Apple denies the characterizations of the '223 Patent in paragraph 42 but admits that the quoted language appears in the specification of the '223 Patent. To the extent that the quotations from the '223 Patent are themselves considered an allegation to which a response is required, Apple denies them.

43.     Apple admits that the quoted language appears in the specification of the '223 Patent. To the extent that the quotations from the '223 Patent are themselves considered an allegation to which a response is required, Apple denies them.

44.     Apple denies the allegations of paragraph 44.

45.     Apple denies the allegations of paragraph 45.

46.     Apple denies the allegations of paragraph 46.

47.     Apple denies the characterizations of the '223 Patent in paragraph 47 but admits that the quoted language appears in the specification of the '223 Patent. To the extent that the quotations from the '223 Patent are themselves considered an allegation to which a response is required, Apple denies them.

48.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli and claims of the '223 Patent and that paragraph 48 accurately reproduces the text of claims 1, 14, and 22 of the '223 Patent. Apple otherwise denies the allegations of paragraph 48.

49.     Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 49.

50.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 50.

51.    Apple denies the allegations of paragraph 51.

52.    Apple denies the allegations of paragraph 52.

53.    Apple denies the allegations of paragraph 53.

54.    Apple admits that the excerpted language is derived from Exhibit I of SMR's Complaint. Apple otherwise denies the allegations of paragraph 54.

55.    Apple lacks sufficient information to admit or deny the allegations of paragraph 55.

56.    Apple lacks sufficient information to admit or deny the allegations of paragraph 56.

57.    Apple admits that the quoted language is from the April 26, 2017 Notice of Allowance for the'223 Patent. Apple otherwise denies the allegations of paragraph 57.

58.    Apple denies that application that later issued as the '223 Patent was filed on March 14, 2014. Apple admits the first office action relating to that application was mailed on March 9, 2016, and the '223 Patent issued on July 4, 2017. Apple admits that the Supreme Court decided *Alice Corp. Pty. v. CLS Bank, Int'l*, 573 U.S. 208 (2014) in 2014. Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 58.

59.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 59.

60.    Apple denies the allegations of paragraph 60.

61.    Apple denies the allegations of paragraph 61.

62.    Apple denies the allegations of paragraph 62.

63.    Apple denies the allegations of paragraph 63.

64.     Apple admits that 35 U.S.C. § 282 confers a rebuttable presumption of validity on lawfully issued patents. Apple denies the remaining allegations of paragraph 64.

65.     Apple admits that the face of United States Patent No. 10,547,648 ("the '648 Patent") states it was issued on January 28, 2020, by the PTO and is entitled "Routing of Data Including Multimedia Between Electronic Devices." Apple further admits that a document appearing on its face to be a copy of the '648 Patent is attached to the Complaint as Exhibit B. Apple denies that the '648 Patent was issued duly or legally.

66.     Apple admits that the '648 Patent purports to claim priority to the '388 application and the '077 provisional application. Apple lacks sufficient information to admit or deny that the priority claim is legally proper.

67.     Apple lacks sufficient information to admit or deny the allegations of paragraph 67.

68.     Apple lacks sufficient information to admit or deny the allegations of paragraph 68.

69.     Apple denies the allegations of paragraph 69.

70.     Apple admits that the '648 Patent was issued by the PTO. Apple otherwise lacks sufficient information to admit or deny the allegations of paragraph 70.

71.     Apple denies the allegations of paragraph 71.

72.     Apple denies the characterizations of the '648 Patent in paragraph 72 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

73.     Apple denies the characterizations of the '648 Patent in paragraph 73 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the

quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

74.     Apple denies the characterizations of the '648 Patent in paragraph 74 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

75.     Apple denies the characterizations of the '648 Patent in paragraph 75 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

76.     Apple denies the characterizations of the '648 Patent in paragraph 76 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

77.     Apple denies the characterizations of the '648 Patent in paragraph 77 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

78.     Apple denies the characterizations of the '648 Patent in paragraph 78 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

79.    Apple denies the characterizations of the '648 Patent in paragraph 79 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

80.    Apple denies the characterizations of the '648 Patent in paragraph 80 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

81.    Apple denies the characterizations of the '648 Patent in paragraph 81 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

82.    Apple denies the allegations of paragraph 82.

83.    Apple denies the allegations of paragraph 83.

84.    Apple denies the allegations of paragraph 84.

85.    Apple denies the characterizations of the '648 Patent in paragraph 85 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

86.    Apple denies the characterizations of the '648 Patent in paragraph 86 but admits that the quoted language appears in the specification of the '648 Patent. To the extent that the quotations from the '648 Patent are themselves considered an allegation to which a response is required, Apple denies them.

87.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli and claims of the '648 Patent and that paragraph 87 accurately reproduces the text of claims 15 and 19 of the '648 Patent. Apple denies that the first excerpt from claim "19" of the '648 Patent is an accurate reproduction of that claim. Apple otherwise denies the allegations of paragraph 86.

88.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 88.

89.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 89.

90.    Apple denies the allegations of paragraph 90.

91.    Apple denies the allegations of paragraph 91.

92.    Apple denies the allegations of paragraph 92.

93.    Apple lacks sufficient information to admit or deny the allegations of paragraph 93.

94.    Apple lacks sufficient information to admit or deny the allegations of paragraph 94.

95.    Apple admits that the quoted language is from the September 20, 2019 Notice of Allowance for the '648 Patent. Apple otherwise denies the allegations of paragraph 95.

96.    Apple admits that the application that later issued as the '648 Patent was filed on May 30, 2017, the first office action was mailed on August 6, 2018, and the '648 Patent issued on January 28, 2020. Apple admits that the Supreme Court decided *Alice Corp. Pty. v. CLS Bank, Int'l*, 573 U.S. 208 (2014) in 2014. Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 96.

97.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 97.

98.    Apple denies the allegations of paragraph 98.

99.     Apple denies the allegations of paragraph 99.

100.    Apple denies the allegations of paragraph 100.

101.    Apple denies the allegations of paragraph 101.

102.    Apple admits that 35 U.S.C. § 282 confers a rebuttable presumption of validity on lawfully issued patents.

103.    Apple denies the allegations of paragraph 103.

104.    Apple admits that the face of United States Patent No. 8,711,866 ("the '866 Patent") states it was issued on April 29, 2014, by the PTO and is entitled "Routing of Data Including Multimedia Between Electronic Devices." Apple further admits that a document appearing on its face to be a copy of the '866 Patent is attached to the Complaint as Exhibit C. Apple denies that the '866 Patent was issued duly or legally.

105.    Apple admits that the '866 Patent purports to claim priority to the '388 application and the '077 provisional application. Apple lacks sufficient information to admit or deny that the priority claim is legally proper.

106.    Apple lacks sufficient information to admit or deny the allegations of paragraph 106.

107.    Apple lacks sufficient information to admit or deny the allegations of paragraph 107.

108.    Apple denies the allegations of paragraph 108.

109.    Apple admits that the '866 Patent was issued by the PTO. Apple otherwise lacks sufficient information to admit or deny the allegations of paragraph 109.

110.    Apple denies the allegations of paragraph 110.

111.    Apple denies the characterizations of the '866 Patent in paragraph 111 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

112.    Apple denies the characterizations of the '866 Patent in paragraph 112 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

113.    Apple denies the characterizations of the '866 Patent in paragraph 113 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

114.    Apple denies the characterizations of the '866 Patent in paragraph 114 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

115.    Apple denies the characterizations of the '866 Patent in paragraph 115 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

116.    Apple denies the characterizations of the '866 Patent in paragraph 116 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the

quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

117.    Apple denies the characterizations of the '866 Patent in paragraph 117 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

118.    Apple denies the allegations of paragraph 118.

119.    Apple denies the characterizations of the '866 Patent in paragraph 119 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

120.    Apple denies the allegations of paragraph 120.

121.    Apple denies the allegations of paragraph 121.

122.    Apple denies the characterizations of the '866 Patent in paragraph 122 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

123.    Apple denies the characterizations of the '866 Patent in paragraph 123 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

124.    Apple denies the characterizations of the '866 Patent in paragraph 124 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the

quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

125.     Apple denies the allegations of paragraph 125.

126.     Apple denies the allegations of paragraph 126.

127.     Apple admits that paragraph 127 accurately reproduces the text of claims 1, 20, 21, 22, and 23 of the '866 Patent. Apple otherwise denies the allegations of paragraph 127.

128.     Apple admits that paragraph 128 accurately reproduces the text of claim 7 of the '866 Patent. Apple otherwise denies the allegations of paragraph 128.

129.     Apple admits that paragraph 129 accurately reproduces the text of claim 15 of the '866 Patent. Apple otherwise denies the allegations of paragraph 129.

130.     Apple admits that paragraph 130 accurately reproduces the text of claim 17 of the '866 Patent. Apple otherwise denies the allegations of paragraph 130.

131.     Apple admits that paragraph 131 accurately reproduces the text of claim 24 of the '866 Patent. Apple otherwise denies the allegations of paragraph 131.

132.     Apple denies the allegations of paragraph 132.

133.     Apple denies the allegations of paragraph 133.

134.     Apple denies the allegations of paragraph 134.

135.     Apple lacks sufficient information to admit or deny the allegations of paragraph 135.

136.     Apple lacks sufficient information to admit or deny the allegations of paragraph 136.

137.     Apple admits that the Examiner issued a January 14, 2014 Notice of Allowance for the '866 Patent. Apple otherwise denies the allegations of paragraph 137.

138.    Apple denies the allegations of paragraph 138.

139.    Apple denies the allegations of paragraph 139.

140.    Apple denies the allegations of paragraph 140.

141.    Apple denies the allegations of paragraph 141.

142.    Apple denies the allegations of paragraph 142.

143.    Apple admits that 35 U.S.C. § 282 confers a rebuttable presumption of validity for lawfully issued patents.

144.    Apple denies the allegations of paragraph 144.

145.    Apple admits that the face of United States Patent No. 7,969,990 ("the '990 Patent") states it was issued on June 28, 2011, by the PTO and is entitled "Routing of Data Including Multimedia Between Electronic Devices." Apple further admits that a document appearing on its face to be a copy of the '990 Patent is attached to the Complaint as Exhibit D. Apple denies that the '990 Patent was issued duly or legally.

146.    Apple admits that the '990 Patent purports to claim priority to the '077 provisional application. Apple lacks sufficient information to admit or deny that the priority claim is legally proper.

147.    Apple lacks sufficient information to admit or deny the allegations of paragraph 147.

148.    Apple lacks sufficient information to admit or deny the allegations of paragraph 148.

149.    Apple denies the allegations of paragraph 149.

150.    Apple admits that the '990 Patent was issued by the PTO. Apple otherwise lacks sufficient information to admit or deny the allegations of paragraph 150.

151.    Apple denies the allegations of paragraph 151.

152.    Apple denies the characterizations of the '990 Patent in paragraph 152 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

153.    Apple denies the characterizations of the '990 Patent in paragraph 153 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

154.    Apple denies the characterizations of the '990 Patent in paragraph 154 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

155.    Apple denies the characterizations of the '990 Patent in paragraph 155 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

156.    Apple denies the characterizations of the '990 Patent in paragraph 156 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

157.    Apple denies the characterizations of the '990 Patent in paragraph 157 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the

quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

158.    Apple denies the characterizations of the '990 Patent in paragraph 158 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

159.    Apple denies the allegations of paragraph 159.

160.    Apple denies the allegations of paragraph 160.

161.    Apple denies the allegations of paragraph 161.

162.    Apple denies the characterizations of the '990 Patent in paragraph 162 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

163.    Apple denies the characterizations of the '990 Patent in paragraph 163 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

164.    Apple denies the characterizations of the '990 Patent in paragraph 164 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

165.    Apple denies the allegations of paragraph 165.

166.    Apple denies the allegations of paragraph 166.

167.    Apple admits that paragraph 167 accurately reproduces the text of claims 1, 16, 31, and 33 of the '990 Patent. Apple otherwise denies the allegations of paragraph 167.

168.    Apple admits that paragraph 168 accurately reproduces the text of claim 9 of the '990 Patent. Apple otherwise denies the allegations of paragraph 168.

169.    Apple admits that paragraph 169 accurately reproduces the text of claim 2 of the '990 Patent. Apple otherwise denies the allegations of paragraph 169.

170.    Apple denies that paragraph 170 accurately reproduces the text of claim 3 of the '990 Patent. Apple denies the allegations of paragraph 170.

171.    Apple admits that paragraph 171 accurately reproduces the text of claim 24 of the '990 Patent. Apple otherwise denies the allegations of paragraph 171.

172.    Apple admits that paragraph 172 accurately reproduces the text of claim 13 of the '990 Patent. Apple otherwise denies the allegations of paragraph 172.

173.    Apple admits that paragraph 173 accurately reproduces the text of claim 22 of the '990 Patent. Apple otherwise denies the allegations of paragraph 173.

174.    Apple denies the allegations of paragraph 174.

175.    Apple denies the allegations of paragraph 175.

176.    Apple denies the allegations of paragraph 176.

177.    Apple lacks sufficient information to admit or deny the allegations of paragraph 177.

178.    Apple lacks sufficient information to admit or deny the allegations of paragraph 178.

179.    Apple admits that the Examiner issued a February 18, 2011 Notice of Allowance for the '990 Patent. Apple otherwise denies the allegations of paragraph 179.

180.    Apple denies the allegations of paragraph 180.

181.    Apple denies the allegations of paragraph 181.

182.    Apple denies the allegations of paragraph 182.

183.    Apple denies the allegations of paragraph 183.

184.    Apple denies the allegations of paragraph 184.

185.    Apple admits that 35 U.S.C. § 282 confers a rebuttable presumption of validity for lawfully issued patents.

186.    Apple denies the allegations of paragraph 186.

187.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 187.

188.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple admits that Apple's first iPhone was announced to the public in 2007. Apple admits that Apple's first iPad was announced to the public in 2010. Apple admits that Apple's first iPod was released to the public in October 2001. Apple admits that Apple's first Apple TV was released to the public in 2007. Apple admits that AirPlay was released to the public in 2010. Apple denies that remaining allegations of paragraph 188.

189.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 189.

190.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 190.

191.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 191.

192.    Apple denies the characterizations in paragraph 192 but admits that the quoted language appears in the claims of the '223 Patent.

193.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 193.

194.    Apple denies the characterizations in paragraph 194 but admits that the quoted language appears in the claims of the '648 Patent.

195.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 195.

196.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 196.

197.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 197.

198.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 198.

199.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 199.

200.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 200.

201.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 201.

202.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 202.

203.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 203.

204.    Apple admits that the quoted language appears in the Declaration of Oded Shmueli. Apple otherwise denies the allegations of paragraph 204.

205.    Apple lacks sufficient information to admit or deny the allegations of paragraph 205.

## COUNT 1

### (Infringement of the '223 Patent)

206.    Apple repeats and incorporates by reference its responses to paragraphs 1 through 205 above.

207.    Apple denies the allegations of paragraph 207.

208.    Apple denies the allegations of paragraph 208.

209.    Apple denies the allegations of paragraph 209.

210.    Apple denies the allegations of paragraph 210.

211.    Apple denies the allegations of paragraph 211.

## COUNT TWO

### (Infringement of the '648 Patent)

212.    Apple repeats and incorporates by reference its responses to paragraphs 1 through 211 above.

213.    Apple denies the allegations of paragraph 213.

214.    Apple denies the allegations of paragraph 214.

215.    Apple denies the allegations of paragraph 215.

216.    Apple denies the allegations of paragraph 216.

217.    Apple denies the allegations of paragraph 217.

218.    Apple denies the allegations of paragraph 218.

### COUNT THREE

### (Infringement of the '866 Patent)

219.    Apple repeats and incorporates by reference its responses to paragraphs 1 through 218 above.

220.    Apple denies the allegations of paragraph 220.

221.    Apple denies the allegations of paragraph 221.

222.    Apple denies the allegations of paragraph 222.

223.    Apple admits that claim 22 of the '866 Patent recites the quoted language.

224.    Apple denies the allegations of paragraph 224.

225.    Apple denies the allegations of paragraph 225.

226.    Apple lacks sufficient information to admit or deny the allegations of paragraph 226.

227.    Apple lacks sufficient information to admit or deny the allegations of paragraph 227.

228.    Apple denies the characterizations in paragraph 228 but admits that the screenshots and quoted text facially appear to come from the hyperlinked addresses of https://support.apple.com/en-us/108046, https://support.apple.com/en-us/102405, and https://support.apple.com/guide/homepod/use-for-phone-calls-apdeaa15a6c3/homepod.

229.    Apple admits that claim 22 of the '866 Patent recites the quoted language.

230.    Apple denies the allegations of paragraph 230.

231.    Apple denies the allegations of paragraph 231.

232.    Apple denies the allegations of paragraph 232.

233.    Apple denies the characterizations of the '866 Patent in paragraph 233 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

234.    Apple denies the characterizations of the '866 Patent in paragraph 234 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

235.    Apple denies the characterizations of the '866 Patent in paragraph 235 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

236.    Apple denies the characterizations of the '866 Patent in paragraph 236 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

237.    Apple denies the allegations of paragraph 237.

238.    Apple denies the allegations of paragraph 238.

239.    Apple denies the allegations of paragraph 239, except that Apple admits that the quoted language facially appears to come from the hyperlinked address of https://www.whathifi.com/advice/apple-airplay-2-everything-you-need-to-know.

240.    The allegations of paragraph 240 are too vague and general to be reasonably admitted or denied.

241.    Apple admits that the webpages accessible via the hyperlinks included in paragraph 241 (https://developer.apple.com/documentation/avfaudio/avaudioformat and https://developer.apple.com/documentation/avfoundation/streaming_and_airplay/supporting_airplay_in_your_app) refer to AirPlay. The allegations in paragraph 241 are otherwise too vague and general to be reasonably admitted or denied.

242.    Apple lacks sufficient information to admit or deny the allegations of paragraph 242.

243.    Apple denies the allegations in paragraph 243, except that Apple admits that the quoted language facially appears to come from the hyperlinked addresses of https://support.apple.com/en-il/guide/iphone/iph315e0d58d/ios and https://www.whathifi.com/advice/apple-airplay-2-everything-you-need-to-know.

244.    Apple denies the allegations of paragraph 244.

245.    Apple denies the allegations of paragraph 245.

246.    Apple denies the characterizations of the '866 Patent in paragraph 246 but admits that the quoted language appears in the specification of the '866 Patent. To the extent that the quotations from the '866 Patent are themselves considered an allegation to which a response is required, Apple denies them.

247.    Apple denies the allegations of paragraph 247.

248.    Apple denies the allegations of paragraph 248.

## COUNT FOUR

### (Infringement of the '990 Patent)

249.    Apple repeats and incorporates by reference its responses to paragraphs 1 through 248 above.

250.    Apple denies the allegations of paragraph 250.

251.    Apple denies the allegations of paragraph 251.

252.    Apple denies the allegations of paragraph 252.

253.    Apple admits that claim 1 of the '990 Patent recites the quoted language.

254.    Apple denies the allegations of paragraph 254.

255.    Apple denies the allegations of paragraph 255.

256.    Apple lacks sufficient information to admit or deny the allegations of paragraph 256.

257.    Apple lacks sufficient information to admit or deny the allegations of paragraph 257.

258.    Apple denies the characterizations in paragraph 258 but admits that the screenshots and quoted text facially appear to come from the hyperlinked addresses of https://support.apple.com/en-us/108046, https://support.apple.com/en-us/102405, and https://support.apple.com/guide/homepod/use-for-phone-calls-apdeaa15a6c3/homepod.

259.    Apple admits that claim 1 of the '990 Patent recites the quoted language.

260.    Apple denies the allegations of paragraph 260.

261.    Apple denies the allegations of paragraph 261.

262.    Apple denies the allegations of paragraph 262.

263.    Apple denies the characterizations of the '990 Patent in paragraph 263 but admits

that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

264.    Apple denies the characterizations of the '990 Patent in paragraph 264 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

265.    Apple denies the characterizations of the '990 Patent in paragraph 265 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

266.    Apple denies the characterizations of the '990 Patent in paragraph 266 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

267.    Apple denies the allegations of paragraph 267.

268.    Apple denies the allegations of paragraph 268.

269.    Apple denies the characterizations in paragraph 269, except that Apple admits that the quoted language facially appears to come from the hyperlinked address of https://www.whathifi.com/advice/apple-airplay-2-everything-you-need-to-know.

270.    The allegations of paragraph 270 are too vague and general to be reasonably admitted or denied.

271.    Apple admits that the webpages accessible via the hyperlinks in paragraph 271

(https://developer.apple.com/documentation/avfaudio/avaudioformat and https://developer.apple.com/documentation/avfoundation/streaming_and_airplay/supporting_airplay_in_your_app) refer to AirPlay. The allegations in paragraph 271 are otherwise too vague and general to be reasonably admitted or denied.

272.    Apple lacks sufficient information to admit or deny the allegations of paragraph 272.

273.    Apple denies the characterizations in paragraph 273, except that Apple admits that the quoted language facially appears to come from the hyperlinked addresses of https://support.apple.com/en-il/guide/iphone/iph315e0d58d/ios and https://www.whathifi.com/advice/apple-airplay-2-everything-you-need-to-know.

274.    Apple denies the allegations of paragraph 274.

275.    Apple denies the allegations of paragraph 275.

276.    Apple denies the characterizations of the '990 Patent in paragraph 276 but admits that the quoted language appears in the specification of the '990 Patent. To the extent that the quotations from the '990 Patent are themselves considered an allegation to which a response is required, Apple denies them.

277.    Apple denies the allegations of paragraph 277.

278.    Apple denies the allegations of paragraph 278.

## RESPONSE TO SMR'S PRAYER FOR RELIEF

To the extent a response to SMR's Prayer for Relief is required, Apple denies that SMR is entitled to any relief in any form.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple demands a trial by jury of all issues so triable.

## APPLE'S AFFIRMATIVE DEFENSES

Apple sets forth the following defenses to the claims set forth in the Complaint. Apple undertakes the burden of proof only with respect to those defenses where that burden rests with Apple by law.

## FIRST DEFENSE – NON-INFRINGEMENT

Neither Apple nor any of its actions or products infringe any claim of the '223, '648, '866, or '990 Patents, whether directly or indirectly, and whether literally or under the doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY

Each of the asserted claims of the '223, '648, '866, and '990 Patents are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## THIRD DEFENSE – UNPATENTABLE SUBJECT MATTER

Each of the asserted claims of the '223, '648, '866, and '990 Patents are invalid under 35 U.S.C. § 101 because it is directed to an abstract idea and fails to recite any inventive concept that is substantially more than an abstract idea.

## FOURTH DEFENSE – LIMITATIONS ON DAMAGES UNDER 35 U.S.C. § 286

SMR's claims for damages for alleged infringement are limited by 35 U.S.C. § 286. SMR is precluded from recovering damages for any alleged infringement occurring more than six years prior to the filing of this action pursuant to 35 U.S.C. § 286.

## FIFTH DEFENSE – DOUBLE PATENTING

The claims of one or more of the '223, '648, '866, and '990 Patents are invalid under the doctrine of obviousness-type double patenting.

## SIXTH DEFENSE – FAILURE TO MARK

SMR's claims for damages for alleged infringement occurring prior to the filing of the original complaint in this action are barred under 35 U.S.C. § 287 because, on information and belief, SMR licensed the '223, '648, '866, and '990 Patents to one or more of the entities it previously sued for infringement of these patents (including Samsung Electronics Co., Ltd., LG Electronics, Inc., and Motorola Mobility) each of which subsequently sold within the United States articles that SMR alleged to practice these patents without complying with the marking requirement of 35 U.S.C. § 287.

## RESERVATION OF ADDITIONAL DEFENSES

As Apple continues to investigate the allegations set forth in the Complaint, Apple intends to rely on any additional defenses that are or become available upon further discovery in this action or for any other reason permitted by law. As such, Apple expressly reserves the right to amend its Answer and to assert such additional defenses and counterclaims as may be allowed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, this Court's Order Governing Proceedings, or as may otherwise be permitted by law.

## JURY DEMAND

Apple demands trial by jury of all issues triable of right by a jury.

**REQUEST FOR RELIEF**

WHEREFORE, Apple prays for the following judgment and relief against SMR on the Complaint:

1. Judgment against SMR and in favor of Apple on Counts 1–4 of SMR's Complaint;

2. An award to Apple of its costs of suit incurred herein; and

3. Such other relief, in law or equity, as this Court deems just and proper.


Date: June 14, 2024                    Respectfully submitted,


By:  _/s/ Michael T. Pieja_

Michael T. Pieja (*pro hac vice*)
Alan E. Littmann (*pro hac vice*)
Doug J. Winnard (*pro hac vice*)
Jennifer M. Hartjes (*pro hac vice*)
Xaviere N. Giroud (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
    BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
jhartjes@goldmanismail.com
xgiroud@goldmanismail.com

Steven J. Wingard
State Bar No. 00788694
SCOTT DOUGLASS & MCCONNICO
Colorado Tower
303 Colorado St., Ste. 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
swingard@scottdoug.com

*Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 14, 2024.


Date: June 14, 2024                         */s/ Michael T. Pieja*
                                            Michael T. Pieja